20    Appellate Courts of Illinois.

MacCracken v. First National Bank of Wheaton, 204 Ill. App. 20.

## William P. MacCracken, Appellant, v. First National Bank of Wheaton et al., Appellees.

### Gen. No. 6,308.    (Not to be reported in full.)

Appeal from the Circuit Court of Du Page county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Action of replevin by William P. MacCracken, plaintiff, against First National Bank of Wheaton, Alexander Metzel and M. E. Taylor, defendants, to recover possession of two bonds and of trover to recover for conversion thereof. From a judgment for defendants for costs, plaintiff appeals.

These bonds, for $1,000 and $500 respectively, were loaned by plaintiff to one C. B. Howard for the purpose of being pledged by him as collateral security for a note of $1,200 given by Howard to the defendant bank for money borrowed, and were so pledged. Howard shortly afterwards became bankrupt. The other defendants were officers of the bank.

LOUIS E. HART, for appellant.

JOHN A. RUSSELL, for appellees; CHARLES W. HADLEY, of counsel.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. REPLEVIN, § 14*—*what is prerequisite to maintenance of action of to recover bonds deposited by third person as collateral security*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

McDole v. German American Nat'l Bank of Aurora, 204 Ill. App. 21.

*for his own debt.* Where a bank had obtained possession of and was holding certain bonds legally, as collateral security for a note held by the bank, which belonged to a third person who had loaned them to the maker of the note for the purpose of being so pledged, *held* that replevin for such bonds by the owner thereof would not lie without a legal tender of the amount due on the note.

  2.  APPEAL AND ERROR, § 1414*—*when finding of trial court will not be set aside.* The finding of a trial court upon a controverted question of fact, where the evidence was conflicting, is entitled to the same consideration as the verdict of a jury would be under the same circumstances, and a court of review would not be warranted in setting aside such finding unless it is clearly against the weight of the evidence.